O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| ISABEL A. CHAVEZ, | ) | Case No. CV 11-06388-MLG |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Isabel Chavez seeks judicial review of the Commissioner's denial of her application for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI"). For the reasons discussed below, the Commissioner's decision is reversed, and this action is remanded for further proceedings.

**I. BACKGROUND**

Plaintiff was born on August 20, 1977. (AR at 63). She filed an application for DIB and SSI in November 2007, alleging disability beginning December 1, 2006 due to lower back and neck pain, depression, and Asperger's Disorder. (AR at 59, 67, 126). The Social Security Administration denied Plaintiff's application

1

initially on April 17, 2008. (AR at 59, 67-71).

A hearing was held before Administrative Law Judge ("ALJ") Robert S. Eisman on December 7, 2009. (AR at 30). Plaintiff, who was represented by counsel, testified at the hearing, as did a vocational expert ("VE"). (AR at 21). On December 17, the ALJ issued a decision denying Plaintiff's application. (AR at 21-30). The ALJ found that Plaintiff suffers from a mood disorder, not otherwise specified, and a history of back pain, but that she retains the residual functional capacity ("RFC") to perform medium work limited to simple routine and repetitive tasks performed in a low stress setting, and which does not require more than occasional interaction with the public or co-workers. (AR at 24-25). The ALJ concluded that while Plaintiff is unable to perform any past relevant work, she is able to perform jobs that exist in significant numbers in the national economy and therefore is not disabled. (AR at 28-29). The Appeals Council denied review on June 30, 2011 (AR at 2-4).

Plaintiff commenced this action for judicial review on September 21, 2011. The parties filed a joint statement of disputed issues ("Joint Stip.") on April 3, 2012. Plaintiff contends that the ALJ gave insufficient weight to the opinion of Rick Williamson, Ph.D., Plaintiff's treating psychologist. (Joint Stip. at 4). Plaintiff seeks reversal and payment of benefits, or alternatively, remand for further administrative proceedings. (Joint Stip. at 23). Defendant requests that the ALJ's decision be affirmed or, if the Court finds that the ALJ committed reversible error, that the Court remand for further administrative proceedings. (Joint Stip. at 23). //

II. **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's decision must be upheld unless "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1990); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). It is more than a scintilla, but less than a preponderance. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

III. **DISCUSSION**

**A. The ALJ Failed to Give Appropriate Weight to the Treating Physician's Opinion**

Plaintiff contends that the ALJ improperly rejected the opinion of her treating psychologist, Dr. Williamson. (Joint Stip. at 4-15). Dr. Williamson began treating Plaintiff for various mental health issues in 2003. (AR at 311). In a Mental Health

3

Residual Functional Capacity Questionnaire completed on February 5, 2009 (the "Questionnaire"), Dr. Williamson diagnosed Plaintiff as having Asperger's Disorder, major depression, and attention deficit hyperactivity disorder, with a Global Assessment of Functioning ("GAF") score of 50. (AR at 311). He found that Plaintiff had extreme and marked limitations in multiple areas of work-related functions, including understanding and memory, sustained concentration and persistence, and social interaction. (AR at 314-315). In contrast to Dr. Williamson's findings of extreme and marked limitations, examining psychiatrist Jobst Singer, MD, who evaluated Plaintiff on March 19, 2008, concluded that Plaintiff does not suffer from significant impairments. (AR at 281-82).

The Commissioner is directed to weigh medical opinions based in part on their source, specifically, whether proffered by treating, examining, or non-examining professionals. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). Generally, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual, than the opinion of a non-treating professional. *See id.; Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996).

The Commissioner must also consider whether a medical opinion is supported by clinical findings and is contradicted by other medical evidence of record. If the opinion of a treating or examining medical professional is uncontradicted, the Commissioner may reject it only for "clear and convincing" reasons supported by substantial evidence in the record. *See Lester*, 81 F.3d at 831. If the opinion is contradicted by another medical source, the Commissioner may reject it for "specific and legitimate" reasons

4

supported by substantial evidence. *Lester*, 81 F.3d at 830. When a treating professional's opinion is contradicted by an examining professional's opinion, which is supported by different independent clinical findings, the Commissioner may resolve the conflict by relying on the latter. *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995); *see also Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) (ALJ may reject opinion of treating physician in favor of examining physician whose opinion rests of independent clinical findings).

The ALJ rejected Dr. Williamson's opinion, but failed to state adequate reasons for doing so. (AR at 25). Most seriously, the ALJ rejected Dr. Williamson's conclusion that Plaintiff suffers from Aperger's Disorder, explaining that there was no diagnosis that Plaintiff suffered from the disorder during the relevant time period.(AR at 28, 311). However, while the objective testing verifying Plaintiff's diagnosis of Asperger's disorder was completed in 2006, prior to the alleged onset of disability, (AR at 315), this fact is irrelevant as according to both the National Institute of Health and the Mayo Clinic, Asperger's Disorder is not a curable mental condition.[1] Moreover, Asperger's Disorder is repeatedly mentioned in Plaintiff's treatment records throughout the relevant time period. (AR at 336, 337, 343, 344, 348, 361, 375). The ALJ also observed that a discharge summary completed September 19, 2008, "did not refer to Asperger's Disorder, which indicates that it was ruled out." (AR at 27). Yet while the

---

[1] http://www.ninds.nih.gov/disorders/asperger/asperger.htm; http://www.mayoclinic.com/health/aspergers-syndrome/DS00551/DSECTION=treatments-and-drugs

5

diagnosis section of the summary does not include Asperger's Disorder, the same page explains that in her final appointment before discharge, a plan had been developed "to have interventions centered on client's Asperger's disorder." (AR at 344). Therefore, the summary does indeed refer to Asperger's. To the extent the ALJ thought there was some ambiguity given its absence from the diagnosis section of the summary, he should have contacted Dr. Williamson for clarification. *See Webb v. Barnhart,* 433 F.3d 683, 687 (9th Cir. 2005) ("The ALJ's duty to supplement a claimant's record is triggered by ambiguous evidence, the ALJ's own finding that the record is inadequate or the ALJ's reliance on an expert's conclusion that the evidence is ambiguous"). Thus, the ALJ's rejection of Dr. Williamson's finding that Plaintiff suffers from Asperger's Disorder was not supported by substantial evidence in the record. As such, Dr. Williamson's diagnosis of Asperger's disorder does not itself constitute a legitimate basis for rejecting his opinion as to Plaintiff's RFC.

The ALJ also explained he was giving little weight to Dr. Williamson's RFC assessment because it "is so extreme as to lack credibility in that it is inconsistent with the claimant's treatment history." (AR at 28). The ALJ did not explicitly state which aspects of the treatment history were inconsistent with Dr. Williamsons' finding, but earlier in the opinion he gave multiple reasons for rejecting Plaintiff's subjective complaints centered on the treatment history. (AR at 26-27). These reasons include that an initial assessment from May 2008 gave Plaintiff a GAF score of 58, that Plaintiff has not been taking any prescription psychotropic medications since 2005, has not required any psychiatric

6

hospitalizations, exquisite therapies, or any other extraordinary treatments, and has been seeing a pyschologist only once a month. (AR at 27). However, it is difficult to determine whether the ALJ's conclusion that the treatment record did not match Dr. Williamson's opinion can be separated from the ALJ's unsupported finding that Plaintiff does not suffer from Asperger's Disorder. For example, it is not clear that the treatment the ALJ found to be lacking is appropriate for a claimant with Asperger's. *See, e.g,* National Institutes of Health, http://www.ninds.nih.gov/disorders/asperger/asperger.htm#Is_there_any_treatment. It is the ALJ's responsibility to provide "specific and legitimate" reasons supported by substantial evidence for rejecting a treating physician's opinion. Here, where the ALJ's stated reason, that the treating history does not support Dr. Williamson's opinion, is premised on an unreasonable rejection of one of Plaintiff's key diagnosis, the Court cannot find that the reason is supported by substantial evidence.

Moreover, to the extent the ALJ's rejection of Dr. Williamson's opinion was based on Dr. Singer's opinion, this reliance was improper because Dr. Singer was not provided with Plaintiff's medical records to review. (AR at 279). The regulations require that a consultative examiner be given any necessary background information about the plaintiff's condition. 20 C.F.R. § 404.1517. Background information is essential because consultative exams are utilized "to try to resolve a conflict or ambiguity if one exists." 20 C.F.R. § 404.1519a(a)(2). Because Dr. Singer evaluated Plaintiff without a complete access to her medical records, Dr. Singer's opinion does not constitute substantial

evidence justifying rejection of the opinion of Plaintiff's treating physician. See, e.g., *Jackson v. Astrue,* No. CIV S-10-2401, 2012 WL 639304, at *4 (E.D. Cal. Feb. 24, 2012) (finding that the ALJ had erred in assigning significant weight to [the examining physician's] opinion because this physician was not provided plaintiff's available medical records as required by 20 C.F.R. §§ 404.1517, 416.917); *Pruitt v. Astrue*, 2010 WL 1330164, at *4-5 (C.D. Cal., March 31, 2010) (requiring remand where the ALJ relied on consultative psychologist's opinion who did not completely review plaintiff's medical records).

Accordingly, none of the ALJ's stated reasons for rejecting Dr. Williamson's opinion are supported by substantial evidence in the record.

**IV. Conclusion**

As a general rule, remand is warranted where additional administrative proceedings could remedy defects in the Commissioner's decision. *See Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). In this case, remand is appropriate to properly consider Dr. Williamson's opinion in light of Plaintiff's diagnosis of Asperger's disorder, and to fully develop the record.

Accordingly, the decision of the Commissioner is reversed, and this action is remanded for further proceedings consistent with this Memorandum Opinion.

Dated: April 11, 2012

MARC L. GOLDMAN
_____
Marc L. Goldman
United States Magistrate Judge